# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**February 20, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

CURTIS L. LANDRY, JR. d/b/a )
LANDRY AND ASSOCIATES, )
     )
       Plaintiff/Appellee, )    Rutherford Circuit
     )    No. 36960
VS. )
     )    Appeal No.
JOHN DANIEL RUDD, )    01A01-9707-CV-00303
     )
       Defendant/Appellant. )

## CONCURRING OPINION

I concur with the results of the court's opinion. Persons opposing the domestication of a foreign judgment cannot, for the first time, assert affirmative defenses that should have been raised in the foreign proceeding. Since Dr. Rudd did not assert his accord and satisfaction defense in the Louisiana proceeding, he has waived his right to assert this defense now. Accordingly, the trial court was not required to grant Dr. Rudd an evidentiary hearing on a defense that had been waived as a matter of law.

Tenn. Code Ann. § 26-6-104(c) (1980) states that authenticated foreign judgments are "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the court of record of this state." Accordingly, Dr. Rudd could have filed a Tenn. R. Civ. P. 60 motion seeking post-judgment relief from the Louisiana judgment. Dr. Rudd's accord and satisfaction defense cannot reasonably be construed as a Tenn. R. Civ. P. 60 motion, and this court cannot engraft claims for relief that the party himself has not pleaded.

_____
WILLIAM C. KOCH, JR., JUDGE